# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

DENNIS WARREN                                                                                             PLAINTIFF
ADC #94167

v.                                          4:14CV00133-DPM-JJV

JAMES, Ms., Records,
Wrightsville Unit; *et al.*                                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

### I.    INTRODUCTION

Plaintiff Dennis Warren is an inmate of the Arkansas Department of Corrections ("ADC"). He filed this *pro se* action, pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. After careful review of the documents submitted, the Court concludes that Plaintiff's Complaint should be dismissed for failure to state a claim upon which relief may be granted.

### II.   SCREENING

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780

F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a fact-finding process for the resolution of disputed facts." *Id.*

### III.  ANALYSIS

Plaintiff asserts claims against Defendants for failing to allow him to complete a prison Braille program which, if completed, would have allowed him to earn "good time" credit. Plaintiff seeks only injunctive relief and asks to be awarded either the "good time" promised upon the program's completion or the opportunity to complete the requirements for said "good time." Plaintiff has named four defendants. For the reasons stated below, the Court finds that he has failed to state actionable claims against any of them.

It is settled precedent that prisoners have no rights to educational or vocational programs. *Wishon v. Gammon*, 978 F.2d 446, 450 (8th Cir. 1992). The Court does not doubt that such programs are often valuable, but the complete discontinuation of one such program (and Plaintiff's subsequent inability to complete it) is not an actionable claim under 42 U.S.C. § 1983. Plaintiff's Complaint evidences no other claims.[1] Accordingly, while the Court applauds Plaintiff's desire to take advantage of the educational programs offered to him, it can only conclude that the present

---

[1] The Court notes that Plaintiff's Complaint does not allege that he has lost "good-time" credits as a result of the Braille program's discontinuation, but only that he has lost the opportunity to earn them. Therefore, such a claim does not implicate the *Heck* decision, which has been held to apply where a prison administrative ruling lengthens a sentence. *Heck v. Humphrey*, 512 U.S. 477 (1994).

3

Complaint fails to state a claim upon which relief can be granted.

## IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint against Defendants be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. This dismissal be considered a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[2]

3. The Court certify that an *in forma pauperis* appeal from an Order and Judgment dismissing this action will not be taken in good faith. 28 U.S.C. § 1915(a)(3).

DATED this 25th day of April, 2014.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2]The statute provides that a prisoner may not file an *in forma pauperis* civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.